UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MEDLINE INDUSTRIES, LP,<br><br>  Plaintiff,<br><br>v.<br><br>C.R. BARD, INC.,<br><br>  Defendant. | CIVIL ACTION NO.<br>1:20-CV-03981-JPB |

# ORDER

This matter is before the Court on the Special Master's Report and Recommendation ("R&R") [Doc. 125]. This Court finds as follows:

## BACKGROUND

This case involves Foley catheters. A Foley catheter is a tube that is placed in the body to drain and collect urine from the bladder. Medline Industries, LP ("Plaintiff") alleges that in 2009, it invented a single-layer Foley catheter tray ("the Medline Tray") which reduces the risk of catheter-associated urinary tract infections.[1] Plaintiff contends that the Medline Tray is patent protected by United

---

[1] Before 2009, Foley catheter kits were two-layer kits: the base or lower layer of the kit held the drainage receptacle, tubing and Foley catheter, and the upper tray of the kit held patient preparation components. According to Plaintiff, the two-layer design made it difficult to maintain a sterile field and resulted in high infection rates.

States Patent No. 8,448,786 ("the '786 Patent"). Claim 1 of the '786 Patent recites:

> A method of using a catheter package assembly comprising:
>
> opening a thermally sealed bag disposed about a tray having a catheter assembly disposed therein;
>
> accessing an instruction manual;
>
> unfolding one or more layers of wrap to reveal an additional layer of wrap and catheter assembly; and
>
> placing one of the one or more layers of wrap or the additional layer of wrap beneath a patient, thereby transforming an area beneath the patient from a non-sterile field to a sterile field.

[Doc. 1, p. 13].

Plaintiff asserts that in 2014, C.R. Bard, Inc. ("Defendant") began selling a copycat single-layer Foley catheter tray called the Original SureStep Foley Kit. On May 16, 2014, Plaintiff filed a Complaint for Patent Infringement in the Northern District of Illinois asserting, among other things, that Defendant's Original SureStep Foley Kit infringed claim 1 of the '786 Patent. See Medline Industries, Inc. v. C.R. Bard, Inc., No. 1:14-cv-03618-JZL-MDW (N.D. Ill. May 16, 2014) ("Medline I").

2

In 2016, Defendant began selling its Redesigned SureStep Foley Kit.[2] Plaintiff never amended its Final Infringement Contentions in Medline I to identify the Redesigned SureStep Foley Kit as an infringing product, and therefore, in August 2020, the Medline I court ruled that Plaintiff's infringement claims in Medline I were limited to the Original SureStep Foley Kit only.

Thereafter, on September 25, 2020, Plaintiff filed its Complaint for Patent Infringement against Defendant in this Court asserting that the Redesigned SureStep Foley Kit infringes upon claim 1 of the '786 Patent. Discovery has been completed, and the parties filed claim construction statements on April 25, 2022. On August 2, 2022, Plaintiff filed its Motion to Stay Pending Resolution of Medline I. According to Plaintiff, a stay would streamline this action because a judgment in Medline I will have preclusive effect on at least the core issues of infringement, claim scope and validity.

The Court appointed a special master, William H. Needle, on November 30, 2022. The Court asked Mr. Needle to preside over Plaintiff's Motion to Stay, the claim construction hearing and any related discovery issues that arise. On January 19, 2023, Mr. Needle issued his R&R regarding the Motion to Stay wherein he

---

[2] The Redesigned SureStep Foley Kit still contains a single layer tray. The tray, however, is different from the Medline Tray and the Original SureStep Foley Kit because it has no opening in the barrier wall between the catheter and syringe compartments.

recommended denying the motion. Specifically, Mr. Needle determined that Plaintiff failed to meet its burden of showing that issue preclusion would apply after judgment is entered in Medline I. Importantly, Mr. Needle concluded that Plaintiff failed to show that the Original SureStep Foley Kit is identical to the Redesigned SureStep Foley Kit for purposes of the infringement analysis. Alternatively, Mr. Needle concluded that Plaintiff is judicially estopped from arguing issue preclusion.

Plaintiff filed objections to the R&R on February 2, 2023 [Doc. 127]. Plaintiff also filed a Motion for Reconsideration. [Doc. 126].

## ANALYSIS

**A.    Legal Standard**

An appointed special master may issue orders, reports or recommendations to the court. Fed. R. Civ. P. 53(f). After review, a court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit it to the master with instructions." Fed. R. Civ. P. 53(f)(1). In assessing a special master's legal conclusions, a court is obligated to "decide de novo all objections to conclusions of law made or recommended" by a special master. Fed. R. Civ. P. 53(f)(4). When reviewing procedural matters, however, a court may set aside a special master's ruling "only for an abuse of discretion." Fed. R. Civ. P. 53(f)(5).

### B.     Plaintiff's Objections

As stated above, Plaintiff filed objections to the R&R. In its objections, Plaintiff argued that: (1) the R&R is grounded on a misunderstanding of the position Plaintiff took in Medline I; (2) the R&R relied on a legal error regarding when issue preclusion will attach to the Medline I claim construction rulings; (3) the R&R mistakenly concluded that Plaintiff's issue preclusion argument was premised on it prevailing in Medline I; and (4) the R&R did not address Plaintiff's issue preclusion argument regarding validity.

The Eleventh Circuit Court of Appeals has recognized that "[a] variety of circumstances may justify a district court stay pending the resolution of a related case in another court." Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). For instance, a stay may be authorized as a means of controlling the district court's docket. Id. In other cases, a stay might be authorized under abstention principles. Id. While "[t]rial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court," I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551-52 (11th Cir. 1986), stays cannot be "immoderate," Ortega Trujillo, 221 F.3d at 1264. In determining whether a stay is immoderate, a court must look to "both the scope of the stay (including its

5

potential duration)" and the reasons for the stay. Ortega Trujillo, 221 F.3d at 1264. Importantly, the Eleventh Circuit has "repeatedly held that a stay order which is 'immoderate' and involves a 'protracted and indefinite period' of delay is impermissible." King v. Cessna Aircraft Co., 505 F.3d 1160, 1172 (11th Cir. 2007).

While the Court does not necessarily agree with Mr. Needle's determination that Plaintiff is estopped from arguing issue preclusion in this case based on the position it took in Medline I,[3] the Court finds that a stay is nevertheless inappropriate for at least two separate reasons. First, Plaintiff has not met its burden to show that issue preclusion would apply here. Generally, issue preclusion extends to new products (here, the Redesigned SureStep Foley Kit) only if a party is able to show "a close identity" between the accused and adjudicated devices. ArcelorMittal Atlantique et Lorraine v. AK Steel Corp., 908 F.3d 1267, 1274 (Fed. Cir. 2018). "Accused devices are essentially the same where the differences

---

[3] In Medline I, Plaintiff's arguments focused on claim preclusion. Significantly, Plaintiff never argued that issue preclusion would not apply in this current action. "While claim preclusion bars 'repetitious suits involving the same cause of action,' issue preclusion precludes the re-adjudication of the same issue, where the issue was actually litigated and decided in the previous adjudication, even if it arises in the context of a different cause of action." Cmty. State Bank v. Strong, 651 F.3d 1241, 1263-64 (11th Cir. 2011). Because claim preclusion and issue preclusion are distinct areas of the law, the portion of the R&R regarding judicial estoppel will not be adopted.

6

between them are merely colorable or unrelated to the limitation in the claim of the patent." Id.  Based on the current record before the Court, which contains mostly attorney arguments that the products either are or are not the same, the Court cannot say with any certainty that the Resigned SureStep Foley Kit is essentially the same as the Original SureStep Foley Kit.  See Medline I, No. 1:14-cv-03618-JZL-MDW (N.D. Ill. Sep. 8, 2022) ("On these facts, the Court concludes that [the Redesigned SureStep Foley Kit is] not essentially the same as [the Original SureStep Foley Kit].  Nor are the differences between [Defendant's] redesigned and original products merely colorable or unrelated to the claim limitations.")  Because it is not clear that issue preclusion would apply here, the Motion to Stay is due to be **DENIED**.

Second, even if issue preclusion does apply to some aspects of this suit, the Court cannot ignore that the Eleventh Circuit does not permit stays that involve a protracted and indefinite period of delay.  Here, Plaintiff asks this Court to stay the proceedings through the adjudication of Medline I.  Because that litigation has been pending since 2014 without a trial, this Court has little confidence that the case will be resolved this year.  As such, the Court finds that Plaintiff is requesting a stay of indefinite duration.  A "stay hinged on completion of [other] proceedings is manifestly 'indefinite.'" Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 545

(5th Cir. 1983); see also King, 505 F.3d at 1173 (determining that a trial court abused its discretion in issuing a stay of litigation where there was no indication when the parallel litigation would resolve). For this additional reason, the Motion to Stay is due to be **DENIED**.

**C.    Motion for Reconsideration**

In addition to filing objections, Plaintiff also filed a Motion for Reconsideration of the Special Master's R&R. Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." Reconsideration is limited to the following situations: (1) "an intervening change in controlling law;" (2) "the availability of new evidence;" or (3) "the need to correct clear error or prevent manifest injustice." Pepper v. Covington Specialty Ins. Co., No. 1:16-CV-693, 2017 WL 3499871, at *1 (N.D. Ga. Aug. 3, 2017). A party "'may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind.'" Id. (quoting Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).

As stated above, motions for reconsideration should only be granted in limited situations. The Court finds that the Motion for Reconsideration fails for

the same reasons that Defendant's objections failed.  Ultimately, Plaintiff has not shown that any of the circumstances justifying reconsideration—an intervening change in controlling law, new evidence or the need to correct clear error or prevent manifest injustice—apply to its case, and therefore the motion is **DENIED**.

## CONCLUSION

For the reasons explained above, the R&R [Doc. 125] is **ADOPTED IN PART** as the order of this Court.  Plaintiff's Motion to Stay [Doc. 98] is thus **DENIED**.  Plaintiff's Motion for Reconsideration [Doc. 126] is also **DENIED**.

**SO ORDERED** this 6th of March, 2023.

J. P. BOULEE
United States District Judge